[COPYRIGHT, 1899, BY CARL G. JAHN.]
VOL. 6—9

(Superior Court of Cincinnati.)
Special Term, 1898.

JOHN J. BRADY v. TILDEN R. FRENCH, TREASURER OF HAMILTON COUNTY.

(1). The right to compensation for services as a deputy collector of taxes is co-existent with the right to hold the position and dependent upon it; with the loss of the position there follows a loss of future compensation.

(2). There is no authority in the Clark law (92 O. L., 50) whereby an honorably discharged Union soldier can compel a public officer, who dismissed him from service and appointed another in his stead without the soldier qualification, to restore him to the place and dismiss his successor.

SMITH, J.

The plaintiff by leave of court having filed an amended and supplemental petition containing as alleged three separate causes of action, the case comes on for hearing upon the demurrer of the defendant upon the ground that the petition does not state facts sufficient to constitute a cause of action.

The first cause of action is substantially the same as that contained in the original petition and requires no further consideration.

The second cause of action alleges in substance that the plaintiff, Mr. Brady, immediately after his employment by county treasurer Roth sent out notices to all persons who appeared as delinquent for personal taxes on the duplicate of 1897; that pursuant to said notices persons are appearing at the office of the county treasurer and paying such delinquent taxes to Charles B. Arnold, who since the demurrer was sustained to the original petition has been appointed by Mr. French as collector of taxes as provided in section 2858; that county treasurer French has allowed said Arnold twenty-five per cent. of the money thus far received and will continue so to allow him twenty-five per cent. on the amount he collects, and the same if so allowed will be paid by the commissioners of Hamilton county; that such allowances should be made to said Brady and not to said Arnold, because said collections

are due solely to the efforts of Brady and not to the efforts of Arnold.

This action is not one to enjoin the misapplication of the funds of the county. If so, it could not be maintained, for the reasons that such an action must be brought by the prosecuting attorney of the county, or if upon application to him by a taxpayer he refuses to bring such action, then the taxpayer himself may bring such action. But it is not alleged in the petition that the plaintiff is a taxpayer, or that having applied to the prosecuting attorney to bring this action, and the application having been refused, the plaintiff brings this action as a taxpayer on behalf of the public. Sec. 1277, Rev. Stat.; State ex rel. v. Zumstein, 4 C. C., 268.

The action is brought by the plaintiff as an individual, and is based upon the contract of employment made by him with the late county treasurer Roth, the terms of which contract appear in the former opinion in this case.

The question raised by this cause of action, therefore, is: Is Mr. Brady entitled to twenty-five per cent. of the amount paid in on the delinquent list of 1897, since his apointment has been revoked by Mr. French?

The holding in the former opinion that Mr. Brady is a deputy collector whose appointment Mr. French had the right to revoke necessarily disposes of his claim that he is entitled to recover money after his tenure of the position has expired. As he assumed the peril of the death of Mr. Roth, he likewise assumed the peril of the loss of income which a revocation of his appointment by the successor of Mr. Roth would entail. This right to compensation was coexistent with his right to hold the position and was dependent upon it. With the loss of the position, as in the case of any other deputy, there follows a loss of future compensation. Whether there could be any earnings under his contract by simply sending out notices to taxpayers, and then receiving the money which such taxpayers would pay, may be open to doubt, in view of the decision in Hunter, Treas., v. Brock, 51 Ohio

t., 324, but I do not find it necessary to express any opinion on that question.

The third cause of action alleges in substance that Mr. Brady is an honorably discharged Union soldier and Mr. Arnold is not, and the contention is therefore made that the former and not the latter is entitled to fill this position by virtue of an act passed March 3, 1896 (92 O. L., 50), amending the act of April 3, 1888, requiring a preference in public employment to be given honorably discharged soldiers, sailors and marines in the late rebellion. This law reads as follows:

"Section 1. That in every public department and all public departments in all municipal corporations, and upon all public works of the state of Ohio, honorably discharged Union soldiers, sailors and marines of the late rebellion shall be preferred for appointment and employment; age, loss of limb or other physical impairment which does not, in fact, incapaciate, shall not be deemed to disqualify them: Provided, however, that the applicant shall have been a resident of the county in which the office or position is located for at least one year and possesses the other requisite qualifications.

"Section 2. Any violation of the provisions of this act shall be deemed a misdemeanor, and upon conviction in any court of competent jurisdiction, shall be punishable by a fine of not less than fifty dollars ($50.00) and not more than one hundred dollars ($100.00)."

In the case of State ex rel. Keyser v. Commissioners, 57 Ohio St. 86, the question of the right of an honorably discharged Union soldier to compel the county commissioners to employ him as a janitor in place of a person not having such a qualification was before the supreme court, and it was decided that such right could not be enforced by mandamus, but that the only remedy for such an omission on the part of the commissioners was by indictment or appeal to the people at the proper time in the election of county commissioners. The opinion which was per curiam was as follows:

"We do not think it necessary to pass on the constitutionality of the law, for, admitting its validity, the relator is not, as we think, entitled to the relief asked or any part of it.

"1. The petition does not show that it is the duty of the commissioners to appoint him in preference to any one else. It does not show that he is the only soldier in the county entitled under the law to be employed as janitor of the court house; in fact, it appears that there are such. So that if the law be invalid, the commissioners have a discretion as to which one of the soldiers in the county shall be employed; and in refusal to appoint him they have violated no duty enjoined on them by law.

"2. Nor does the refusal of the commissioners to appoint any other honorably discharged soldier of the county, afford any ground for relief in this proceeding. The object of the writ is to compel an officer to do some specific thing enjoined on him by law, and does not compel him to enforce the general mandates of a law—or, in other words, to execute the law—not in favor of some particular person entitled to his official action—but generally in favor of all persons within its provisions, by selecting some one of them. To do so would simply be to duplicate the act of the legislature in making the law. If there be any remedy for an omission of this kind on the part of the commissioners, it must be by indictment as provided in section 2 of the mandatory act; or else by an appeal to the people at the proper time in the election of county commissioners."

It seems to me that in view of this decision there is no escape from the conclusion that the third cause of action does not state facts sufficient to entitle the plaintiff to any relief. If any single honorably discharged Union soldier can not compel an official to employ him in place of one who has not such qualification, neither can any honorably discharged Union soldier who has been discharged by an officer, and succeeded by one not having such qualification, compel his restoration to the place and the dismiss-al of his successor. The one proposition necessarily involves the other.

In my opinion, the demurrer to the amended and supplemental petition must be sustained.

O. J. Cosgrave and Louis Reemelin, for Plaintiff.

Wm. Rendigs and Frank Dinsmore, for Defendant.